

EXHIBIT

A

## IN THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH

| | | |
|---|---|---|
| SHERIA BANKS<br>799 Colonel Edmonds Court<br>Warrenton, Virginia 20186 | ) <br> ) <br> ) <br> ) | |
| PLAINTIFF, | ) <br> ) <br> ) | |
| v. | ) <br> ) <br> ) | CIVIL ACTION NO. |
| WILLIAM WATSON, SHERIFF, | ) <br> ) | |
| DEFENDANT. | ) <br> ) | |
| Serve:   William Watson, Sheriff<br>Sheriff's Department<br>701 Crawford Street<br>Portsmouth, Virginia 23704 | ) <br> ) <br> ) <br> ) <br> ) | PLAINTIFF DEMANDS<br>TRIAL BY JURY |
| DEFENDANT. | ) <br> ) <br> ) | |

## COMPLAINT

Plaintiff, SHERIA BANKS ("Plaintiff"), by counsel, in bringing this Complaint against defendant, WILLIAM WATSON, Sheriff of the City of Portsmouth ("Defendant"), alleges as follows:

### NATURE OF THE CLAIMS

1.      This is an action brought against Defendant on account of Defendant's unlawful employment practices, including unlawful discrimination and wrongful termination by Defendant in violation of the Fourteenth Amendment of the United States Constitution, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 1981c, *et seq.*, and the applicable Statutory laws, along with the common law of the Commonwealth of

Virginia and the Constitution of the Commonwealth of Virginia and the Virginia Human Rights Act, as amended.

## JURISDICTION AND VENUE

2.      This Court has personal jurisdiction over Defendant pursuant to §§ 8.01-328 through 8.01-330 of the Code of Virginia because Defendant is located in the Commonwealth of Virginia and/or conducts the business of the Sheriff's office of Portsmouth in Virginia.

3.      This state court has concurrent jurisdiction over Title VII , §1981 and §1983 claims.[1]

4.      Venue is appropriate pursuant to § 8.01-262 because the unlawful employment practices and tortuous conduct against Plaintiff took place in Portsmouth, Virginia

## PARTIES

5.      Plaintiff SHERIA BANKS ("Plaintiff") is an African American female citizen of the United States of America and at all times relevant to this Complaint, was a resident of Virginia Beach, Virginia.

6.      Defendant WILLIAM WATSON (hereinafter "Sheriff Watson" or "Defendant"), a White male, at all relevant times to this Complaint was the elected Sheriff of the City of Portsmouth, Virginia. The Sheriff is a constitutional officer in the Commonwealth of Virginia and acted within the scope and course of his employment.

---

[1] *Yellow Freight Sys. v. Donnelly*, 494 U.S. 820, 823-26, 110 S. Ct. 1566, 108 L.Ed.2d 834 (1990) (holding that federal and state courts have concurrent jurisdiction over actions brought under Title VII)

## PROCEDURAL REQUIREMENTS

7.      Plaintiff filed a timely charge of race and gender discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), and received her Notice of Right to Sue.

8.      Plaintiff timely filed a Complaint with the United States District Court for the Eastern District of Virginia, Norfolk Division on or about December 9, 2009.

9.      This suit was filed while the matter was pending therein, and the relative statute of limitations period was tolled.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS
### Sheria Banks' Work Performance

10.     Plaintiff's employment at the Sheriff's Office of Portsmouth, Virginia began on June 15, 1994 and continued uninterrupted until her termination on August 28, 2006

11.     At the time of her termination, she had been working as a Sheriff's Sergeant under Sheriff Watson since January 2006.

12.     Plaintiff started her 13 years of service as a deputy assigned to corrections. Through dedication, ability and leadership skills, she advanced to Field Training officer, then, master deputy, and finally to her last position of Sergeant.

13.     Each of Plaintiff's performance evaluations exceeded above average. She never received a reprimand or a suspension from her superiors, who described her as a very good supervisor, dependable, and very knowledgeable.

14.     Plaintiff is a certified General and Defensive Tactics Instructor with numerous training certifications.  During her tenure with the Sheriff's department, Plaintiff taught and trained most of the Sheriff's deputies, including Sheriff Watson.

3

15.     The hierarchy of Plaintiff's superiors, from lowest to highest, at all relevant times, was the following: Captain Jack Benzie ("Benzie"); Major William Rucker ("Rucker"); Lieutenant Colonel Paul Compton ("Compton"); the under-sheriff, Colonel Charles Burris ("Burris"); and Defendant. All of the above named individuals are White males.

16.     On or about August 11, 2006, Rucker accused Plaintiff of talking about his life; averred that he had told the Sheriff to give polygraphs to both of them, and threatened to fire her and press charges against her for defamation of character.

17.     Rucker's tirade against Plaintiff included profanity and yelling, all of which occurred in the presence of Benzie.

18.     On or about August 15, 2006, Plaintiff was summoned to Burris' office, where in the presence of Burris, Compton, and Benzie, Burris directed Plaintiff to report for a polygraph on August 28, 2006 when she returned from vacation.

19,     On or about August 15, 2006, Burris indicated to Plaintiff that he had read her statement denying her involvement in a rumor about Rucker and planned to terminate her if the polygraph showed deception.

20.     On or about August 26, Burris refused to talk with Plaintiff when she tried to determine why she had to take the polygraph.

21.     On or about August 28, 2006, Plaintiff reported to the training academy where Sergeant Cathy Yates ("Yates") was to administer the polygraph.

22.     Plaintiff asked Watson and Yates why she had to take the polygraph, but again, received no direct answer.

4

23. In reviewing the two documents she received from Yates, Plaintiff noted that one of the forms indicated she had a right to see the polygraph questions before she took the polygraph, which Plaintiff requested.

24. Despite Plaintiff's request, Yates never allowed Plaintiff to see the polygraph questions. Instead, Yates summoned Burris who came to the area and threatened to fire Plaintiff if she refused to take the polygraph.

25. Later when Plaintiff tried to obtain the same questions from Yates, she was informed that Burris had talked with her and the Sheriff had not authorized her to take the polygraph.

26. On or about August 30, 2006 when Plaintiff reported to work, Benzie informed her that he had been instructed to ask for her gun and badge and that the Sheriff had told him Plaintiff had been fired the day before.

27. Upon information and belief, during Plaintiff's thirteen years with the Sheriff's office, no other White and/or male employee was forced to take a polygraph under the same or similar circumstances.

28. During his tenure as Sheriff, Watson made several derogatory comments about the women in Plaintiff's presence, often referring to the female staff in the department as "honey" or "baby" instead of addressing them by rank and name.

29. On one occasion, Watson tried to hug Plaintiff and made an offensive comment to her when she refused his hug.

30. Upon information and belief, a white male sergeant, accused of violating policy and procedures, was demoted in rank and reassigned instead of being terminated as happened in Plaintiff's case.

## COUNT I
### (Discrimination in Violation of 42 U.S.C. § 1981)

31.     Plaintiff herein restates and re-alleges by reference each and every allegation in ¶¶ 1-30, as if set forth fully herein.

32.     Defendant has discriminated against Plaintiff on the basis of her race and/or gender in violation of 42 U.S.C. § 1981 *et seq.* by denying her the same terms and conditions of employment available to White/male employees, including, but, not limited to:

(1)     Forcing Plaintiff to take a polygraph under circumstances for which no other similarly situated White and/or male employee had to take a polygraph;

(2)     Terminating Plaintiff for exercising the rights set out in Defendant's own form;

(3),     Subjecting Plaintiff to disparate treatment and punishment; and

(4)     Denying Plaintiff the opportunity to work in an employment setting free of unlawful discrimination and harassment.

33.     Defendant has discriminated against Plaintiff on the basis of her race and/or gender in violation of 42 U.S.C. § 1981 *et seq.* by fostering, accepting, ratifying and/or failing to prevent a hostile work environment that included among other things, severe and pervasive racial and gender discrimination of Plaintiff by her direct supervisors and others.

34.     Defendant has discriminated against Plaintiff on the basis of her race and/or Color in violation of 42 U.S.C. § 1981 *et seq.* by engaging in, tolerating or failing to prevent the racial discrimination alleged above and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against the Plaintiff.

6

35.    Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff under the law.

36.    Plaintiff believes and avers that the effect of Defendant's racial and/or sexual discrimination and unlawful employment practices has been to limit, classify and discriminate against her in ways that jeopardize and tend to deprive her of the equal employment opportunities in violation of 42 U.S.C. § 1981 *et seq.*

37.    Plaintiff is now suffering and will continue to suffer irreparable injury from this unlawful discrimination.

38.    As a direct and proximate result of Defendant's discriminatory conduct in violation of  § 1981 *et seq.*, Plaintiff has suffered, and continues to suffer monetary and/or economic harm, including, but, not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of damages and other relief.

39.    As a direct and proximate result of Defendant's discriminatory conduct in violation of 42 U.S.C. § 1981 *et seq.*, Plaintiff has suffered, and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self confidence, and emotional pain and suffering for which she is entitled to an award of damages.

40.    Defendant's unlawful and discriminatory actions constitute malicious, willful, and wanton violations of 42 U.S.C. § 1981 *et seq.* for which Plaintiff is entitled to an award of punitive damages.

## COUNT II
### (Discrimination in Violation of Title VII)

41.     Plaintiff herein restates and re-alleges by reference each and every allegation in ¶¶ 1-40, as if set forth fully herein.

42.     Defendant has discriminated against Plaintiff on the basis of her race and gender in violation of Title VII denying her equal terms and conditions of employment available to employees who are White and/or male, including, but, not limited to: (1) forcing Plaintiff to take a polygraph under circumstances for which no other similarly situated employee had to take a polygraph;

(2)     Terminating Plaintiff for exercising the rights set out in Defendant's own form;

(3)     Subjecting Plaintiff to disparate treatment and punishment; and

(4)     Denying Plaintiff the opportunity to work in an employment setting free of unlawful discrimination and harassment.

43.     As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer monetary and/or economic harm, including, but, not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of damages and other relief.

44.     As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self confidence, and emotional pain and suffering for which she is entitled to an award of damages.

45.     Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violation of Title VII for which Plaintiff is entitled to an award of punitive damages.

## COUNT III
### (Violation of Plaintiff's Rights to Due Process Pursuant to Fourteenth Amendment of the United State Constitution)

46.     Plaintiff herein restates and re-alleges by reference each and every allegation in ¶¶ 1-45, as if set forth fully herein.

47.     As a public employee, Plaintiff enjoyed a constitutionally protected liberty interest in the right to pursue the occupation of her choice, and was entitled to due process prior to Defendant undertaking any action against her that might stigmatize her and impair her right to pursue her occupation.

48.     Defendant fired Plaintiff unfairly, without just cause, without explanation, and discriminatorily.

49.     Defendant's action has caused Plaintiff to forfeit her certifications, lose her seniority, and forego all the benefits she had accrued during her thirteen years as an employee of the Sheriff's Department of Portsmouth, Virginia.

50.     Defendant's actions were done under color of state law and deprived Plaintiff of her rights, privileges, and immunities secured by the Constitution of the United States.

51.     As a direct and proximate result of Defendant's discriminatory conduct in violation of the U.S. Constitution, Plaintiff has suffered, and continues to suffer monetary and/or economic harm, including, but, not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of damages and other relief.

52.      As a direct and proximate result of Defendant's discriminatory conduct in violation of the U.S. Constitution. Plaintiff has suffered, and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self confidence, and emotional pain and suffering for which she is entitled to an award of damages.

53.      Defendant's unlawful and discriminatory actions constitute malicious, willful, and wanton violations of the U.S. Constitution for which Plaintiff is entitled to an award of punitive damages.

## COUNT IV
### (Intentional Infliction of Emotional Distress)

54.      Plaintiff herein restates and re-alleges by reference each and every allegation in ¶¶ 1-53, as if set forth fully herein.

55.      Defendant's discriminatory and unlawful employment practices against Plaintiff caused an atmosphere of tension and anxiety for Plaintiff.

56.      On several occasions, Rucker yelled and swore at Plaintiff in the presence of other officers.

57.      The under-sheriff Burris refused to discuss the issues of Plaintiff's taking the polygraph and to allow her to exercise her right to read the questions before submitting to the polygraph as she was entitled to do, pursuant to Defendant's own policy and procedure.

58.      When Sheriff Watson informed Plaintiff to return to the polygraph center where she could read the questions, the administrator denied her the option of reading the questions and indicated that Sheriff Watson no longer authorized the polygraph.

59.     Upon Plaintiff's return to work the next day, Burris informed her that she was fired and required to turn in her badge and gun.

60.     Defendant's treatment of Plaintiff was extreme and outrageous so as to exceed the bounds of decency in a civilized society.

61.     Defendant's actions intentionally and recklessly caused Plaintiff severe emotional distress.

62.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, for which she is entitled to an award of damages.

63.     Defendant's extreme and outrageous conduct was knowing, malicious, willful, and wanton, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court enter judgment for Plaintiff and against Defendant, and order the following relief:

A.     A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State of Virginia;

B.     Find judgment in favor of Plaintiff on all four (4) counts of her Complaint.

C.     An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment and unlawful conduct, including, but not limited to: (1) reinstatement of job status and rank; (2) affirming and updating of all Plaintiff's certifications; (3) clearing Plaintiff's employment records of all references to the matter of the present case; (4) ensuring that the effects of Defendant's employment practices do not continue to affect Plaintiff's employment and personal life.

D.     An award of damages of Five Hundred Thousand Dollars ($500,000.00) plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment, mental anguish, humiliation, embarrassment, stress, anxiety, emotional pain and suffering, emotional distress, and all monetary and/or non-monetary losses suffered by Plaintiff;

E.     An award of punitive damages of one Million Dollars ($1,000,000.00);

F.     An award of costs and expenses incurred by Plaintiff in this action, and Plaintiff's attorneys' fees to the fullest extent permitted by law for this action.

G.     Permanently enjoin Defendant, its agents, officers and employees from engaging in all practices found by this Court to be in violation of the Fourteenth Amendment of the United States, Title VII, and 42 U.S.C. § 1981, 42 U.S.C. § 1983; and

H.     Such other and further relief to Plaintiff as the Court deems just and proper.

Respectfully submitted,
SHERIA BANKS

By _____
Counsel

Henry L. Marsh, III
Frederick H. Marsh
Hill Tucker & Marsh
422 E. Franklin Street, Suite 301
Richmond, Virginia 23219-2226
Phone (804) 648-9073
Facsimile (804) 648-2116
E-mail: htm@htm-law.com

12