### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

| | | |
|---|---|---|
| **SHERIA BANKS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CASE NO. 2:10cv00227** |
| | : | |
| **WILLIAM WATSON, SHERIFF** | : | |
| | : | |
| **Defendant.** | : | |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS

Defendant, William Watson, Sheriff ("Sheriff Watson"), by counsel, submits this Memorandum of Law in Support of his Motion to Dismiss.  Plaintiff, a former Deputy Sheriff with the Portsmouth Sheriff's Department, challenges her termination for refusing to take a polygraph examination as part of an internal affairs investigation, in contravention of the Sheriff's Office Standards of Conduct. In her complaint requesting monetary, declaratory, and injunctive relief, plaintiff alleges race and gender discrimination in violation of 42 U.S.C. § 1981 and Title VII, a violation of her due process liberty interest, and intentional infliction of emotional distress.

For the reasons stated below, Sheriff Watson asks the Court to dismiss plaintiff's action under Fed. R. Civ. P. 12(b)(6) where: (1) plaintiff's Title VII claim is untimely; (2) plaintiff's due process, and intentional infliction claims are barred by the statute of limitations; and (3) plaintiff fails to state a claim upon which relief may be granted under Title VII, § 1981, the due process clause, or for intentional infliction of emotional distress.

## I.   STATEMENT OF FACTS

Plaintiff alleges that she was employed by the Portsmouth Sheriff's Office from June 1994 through her termination on August 28, 2006. Complaint, ¶ 10. She maintains that on August 11, 2006, Major William Rucker accused her "of talking about his life," threatened to fire her, and press charges for defamation.  Complaint, ¶ 16.  On August 15, 2006, Col. Charles Burris, Undersheriff, summoned plaintiff to his office and directed her to report for a polygraph on August 28, 2006.  According to plaintiff, Burris indicated, "he had read her statement denying her involvement in a rumor about [Major] Rucker and planned to terminate her if the polygraph showed deception." Complaint, ¶¶ 18-19.

On August 28, 2006, plaintiff reported to the training academy to take the polygraph and requested to see the polygraph questions before she took the test. Plaintiff alleges that Col. Burris indicated she would be terminated if she refused to take the polygraph. Complaint, ¶¶ 23-24. On August 30, 2006, when plaintiff reported for work, Capt. Jack Benzie informed her that the Sheriff had told him she was terminated.  Complaint, ¶ 26.

Plaintiff alleges, upon information and belief, that no white and/or male employee was forced to take a polygraph under the same or similar circumstances, and that a white, male sergeant, accused of violating policy and procedures, was demoted in rank and reassigned instead of being terminated.  Complaint, ¶¶ 27, 30.

## II.   ARGUMENT

### A.   Standard of Review

On a Rule 12(b)(6) motion to dismiss, the court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing

the legal sufficiency of the complaint. See Fed. R. Civ. P. 12(b)(6); *Iqbal v. Ashcroft,* *129 S.Ct.* 1937, 1950-51 (2009); *Adcock v. Freightliner LLC,* 550 F.3d 369, 374 (4th Cir. 2008).   However, legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes.  See *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255-256 (4th Cir. 2009) (relying on *Iqbal* and *Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2007)).* Nor should the court consider "unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (quoting *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 615 n. 26 (4th Cir.2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Twombly*, 550 U.S. at 555 (internal citations omitted).  "Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S.Ct. at 1949-50.

Relying on *Iqbal and Twombly,* the Fourth Circuit has stated that a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" The "complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims '"across the line from conceivable to plausible."' *Nemet Chevrolet, 591 F.3d at 256 (citations omitted).* Thus, the complaint must plead sufficient facts to allow a court, drawing on "'judicial experience and common sense,' to infer "'more than the mere possibility of misconduct.'" *Id.*

A court may consider matters on the public record without converting the motion to one for summary judgment and can take judicial notice of pleadings in its own records. *Papasan v. Allain*, 478 U.S. 265, 286, n. 1 (1986).  Non-judicial records outside the complaint may also be considered under Rule 12(b)(6). "[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint … not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiffs' claims." *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D.Va. 1995).

### B.      Plaintiff's Title VII Claim is Untimely

A Title VII action must be brought within 90 days of receipt of a right-to-sue letter issued by the EEOC.   See 42 U.S.C. § 200e-5(f)(1).   In Count II of her complaint, plaintiff alleges only that she filed a timely charge with the EEOC and received a Notice of Right to Sue; plaintiff does not allege the operative dates. Complaint, ¶ 7.  In fact, plaintiff filed her Notice of Charge of Discrimination on April 4, 2007 and the EEOC mailed plaintiff's Notice of Suit Rights on September 11, 2009. See Notice of Charge of Discrimination and Dismissal and Notice of Rights, attached hereto as Exhibit "A".  Plaintiff was thus required to file her Title VII claim within 90 days of receiving the September 11, 2009 notice.

Plaintiff alleges further that she timely filed a complaint with this Court on or about December 9, 2009, and that, because she filed the current suit "while the matter was pending therein, … the relative statute of limitations period was tolled." Complaint, ¶¶ 8 – 9.  Plaintiff errs in asserting that the timely filing of her earlier action tolled the 90-day period, allowing her to file this current action.

According to the docket statement for *Sheria Banks v. William Watson, Sheriff*, Civil Action No. 2:09cv602, attached hereto as Exhibit "B", plaintiff filed a complaint against Sheriff Watson and was issued a summons on December 9, 2009.   In that complaint, attached hereto as Exhibit "C", plaintiff raised the same four claims she raises here: 42 U.S.C. §1981; Title VII; due process; and intentional infliction of emotional distress.

On April 13, 2010, the Honorable Robert G. Doumar ordered "that within twenty (20) days, the plaintiff show cause, if any why this civil action should not be dismissed pursuant to Rule 4(m) of the Federal rules of Civil Procedure" for failure to effect service within 120 days of filing the complaint.  See Order, attached hereto as Exhibit "D".  As reflected in the docketing statement, plaintiff did not respond to the Court's show cause order by the May 3, 2010, deadline.

In lieu of responding to Judge Doumar's show cause order, plaintiff filed the current action in the Circuit Court of the City of Portsmouth on April 22, 2010, raising the same race and gender discrimination claims pursuant to 42 U.S.C. §1981 and Title VII, a due process claim, and intentional infliction of emotional distress.   Plaintiff achieved service on Sheriff Watson on April 30, 2010.  On May 19, 2010, Sheriff Watson petitioned for removal of plaintiff's complaint in accordance with 28 U.S.C. §§1441, 1443 and 1446, based on federal question jurisdiction.

Plaintiff's filing of her initial action in this Court on December 9, 2009, did not toll the 90-day limitations period such that her current Title VII action is considered timely filed.  Courts have consistently held that "where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the ninety-day limitations period." *Quinn v. Watson*, 145 Fed.Appx. 799, 2005 WL 1901707 (4th

Cir. 2005) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026-27 (2d Cir. 1993)).

Accord *Montano v. Inova Health Care Services*, 2009 WL 737110 (E.D.Va. Mar. 19,

2009) (relying on *Berry v. Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  See *Williams*

*v. Georgia Dept. of Defense National Guard Headquarters*, 147 Fed.Appx. 134, 2005

WL 2090656 (11th Cir. 2005) (90-day limitations period not tolled where Title VII

complaint dismissed without prejudice).

In *Quinn*, the district court dismissed the plaintiff's Title VII complaint, finding

that it lacked jurisdiction to hear the case under the statute's venue-laying provision.

The Fourth Circuit noted that the plaintiff "would be time-barred from initiating a new

action because the timely filing of her complaint did not toll the 90-day period." 145

Fed.Appx. at 800.  In *Inova*, the EEOC issued a right-to-sue letter on July 1, 2008 and

the plaintiff timely filed a complaint on August 7, 2008, which was subsequently

dismissed.  The court found that the plaintiff's timely filing the complaint in August

2008 did not "warrant tolling the ninety-day period beyond the date the statue of

limitations ran in October 2008" and plaintiff could not file a new complaint.

The same result follows here.  Plaintiff's timely filing her first complaint in this

Court did not toll the limitations period.  She had only until December 2009 to file a

Title VII claim.   The fact that plaintiff filed this current action in April 2010, while her

first action, now subject to dismissal, was pending, is not germane.  Plaintiff's Title VII

claim in this action is time-barred.

### C.    Plaintiff's Due Process and Intentional Infliction of Emotional Distress Claims are Barred by the Statute of Limitations

Plaintiff's due process claim in Count III, which must be brought pursuant to 42

U.S.C. § 1983, and her intentional infliction claim in Count IV, are time-barred as well.

Actions filed under §1983 do not have their own statute of limitations and must borrow from the state's personal injury statute of limitations. *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 735 (4th Cir. 1991).  Va. Code § 8.01-243(A) sets forth a two-year statute of limitations for personal injury actions.  Thus, the two-year statute of limitations applies to plaintiff's constitutional claim. *Harrison v. Prince William County Police Dept.*, 640 F. Supp. 2d 688 (E.D.Va. 2009).

In order to dismiss the case, the Court must determine that the expiration of the statute of limitations is clear on the face of the complaint. *Johnson v. Hill*, 965 F. Supp. 1487, 1489 (E.D.Va. 1997) (citing *Nasim v. Warden*, 42 F.3d 1472, 1477 (4th Cir.), vacated on other grounds, 64 F.3d 951 (4th Cir. 1995) (en banc)).  Here, plaintiff alleges that she was terminated on August 28, 2006.  Complaint, ¶ 10.  Plaintiff filed this action on April 22, 2010, almost four years later.  Under the two-year statute of limitations, her due process claim is barred.

Likewise, Va. Code § 8.01-243(A) bars plaintiff's claim for intentional infliction of emotional distress.  She did not file that claim within the two-year limitations period for personal injury.

### D.    Plaintiff Fails to State a Claim for a Protected Liberty Interest

Even assuming *arguendo* that plaintiff timely filed her due process claim based upon a protected liberty interest, she fails to state a claim upon which relief may be granted.[1]

---

[1] **It is axiomatic that plaintiff does not have a protected property interest in continued employment with Sheriff Watson.  Under Virginia law, sheriff's deputies are considered at will employees. See Va. Code § 15.2-1603.  Absent a protectible property interest under state law, sheriff's deputies are not entitled to federal due process protections.  See *Jenkins v. Weatherholtz*, 909 F.2d 105, 107 (4th Cir. 1990) and cases cited therein.**

An employee's liberty interest in her job may be implicated if the employer's actions affect her "good name, reputation, honor, or integrity." *Board of Regents v. Roth*, 408 U.S. 564, 573 (1972).   To state a claim for a protected liberty interest, a plaintiff must set forth that allegations were made against her that (1) placed a stigma on her reputation; (2) were made public by the employer; (3) were made in connection with her termination; and (4) were false.   Sciolino v. City of Newport News, Va., 480 F.3d 642, 646 (4th Cir. 2007).   See *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 n. 5 (4th Cir. 1988) (plaintiff must allege facts demonstrating that her employer made charges that might seriously hurt her reputation or standing, that the charges were made public by the employer, and that they were false).

The Fourth Circuit has held that charges regarding "incompetence or unsatisfactory job performance" are not sufficient to implicate a protected liberty interest.   Charges "must at least imply the existence of serious character defects such as dishonesty or immorality."   *Zepp v. Rehrmann*, 79 F.3d 381, 388 (4th Cir. 1996).

Here, plaintiff's complaint lacks any factual allegations supporting a claim that Sheriff Watson publicly attacked her character or her reputation.   In fact, the complaint lacks any allegations suggesting that discussion of the incident leading to the internal affairs investigation and the request that plaintiff take a polygraph test, or discussion of plaintiff's refusal to take that test, went beyond plaintiff's superiors. Plaintiff's allegations that Col. Burris ordered her in the presence of other Sheriff's employees to report for a polygraph simply do not satisfy the requirement that charges be made in public.   See *Luy v. Baltimore Police Department*, 326 F.Supp.2d 682, 691 (D.Md. 2004) (alleged false statements made in internal communications and

submissions to the state unemployment board did not satisfy the requirement that such statements be made public by the employer).

Plaintiff has failed to state a claim upon which relief may be granted for a due process violation based on a protected liberty interest in her employment.  See *Love v. Smith*, 2005 WL 1163143 (D.Md. 2005) (court finds no protected liberty interest where "plaintiff's complaint is bereft of any allegations suggesting that the [employer] attacked her moral character or reputation in public").

### E.      Plaintiff Fails to State a Claim for Relief Pursuant to 42 U.S.C. §  1981 or Title VII

Plaintiff fails to state a claim upon which relief may be granted under § 1981, which prohibits race discrimination, not sex discrimination.  *Runyon v. McCrary,* 427 U.S. 160 (1976).   Moreover, assuming *arguendo* that plaintiff's Title VII claim is not time-barred, she likewise fails to state a claim for relief for race or gender discrimination under that statute.

The factual elements necessary to establish a *prima facie* case of employment discrimination are the same for Title VII and §1981. *Gairola v. Virginia Dept. of General Services*, 753 F.2d 1281, 1285 (4th Cir. 1985). A *prima facie* case of discrimination requires proof that plaintiff (1) is a member of a protected class; (2) an adverse employment action was taken against her; (3) other employees of a different race had engaged in conduct of comparable seriousness; and (4) the disciplinary measures imposed on those other employees were less severe than those imposed on her.  *Moore v. City of Charlotte*, 754 F.2d 1100, 1105-06 (4th Cir.), cert. denied, 472 U.S. 1021 (1985).

Accepting plaintiff's allegations as true for purposes of this Motion, she is a member of a protected class and suffered an adverse employment action. However, her complaint lacks sufficient factual allegations of disparate treatment. Plaintiff's only pertinent allegations are as follows:

> 27. Upon information and belief, during Plaintiff's thirteen years with the Sheriff's office, no other [w]hite and/or male employee was forced to take a polygraph under the same or similar circumstances.
>
> ...
>
> 30. Upon information and belief, a white male sergeant, accused of violating policy and procedures, was demoted in rank and reassigned instead of being terminated as happened in Plaintiff's case.

Plaintiff's conclusory allegations concerning the treatment of similarly situated white, male employees, fail to create even an inference of discrimination. *Dean v. Westchester County District Attorney's Office*, 119 F. Supp.2d 424 (S.D.N.Y. 2000), is instructive. There, the court dismissed an African-American female attorney's Title VII claim in the face of inadequate, conclusory allegations of discrimination, much like plaintiff's allegations here. In *Dean*, the plaintiff's employer, the District Attorney, held her responsible for the dismissal of a case due to multiple adjournments. The plaintiff alleged that "'upon information and belief,' defendants did not discipline or discharge similarly situated white, male employees who were responsible for the dismissal of one case." *Id*. at 429. The court found:

> [T]he mere fact that she believed white, male employees similarly situated were not disciplined for similar professional failures is not a sufficient basis to infer discrimination.  Even if plaintiff's job performance was exceptional and the dismissal of the [one] case was not her fault, plaintiff should have
>
> provided this Court with a specific comparison between her treatment and that of similarly situated white, male employees.

*Id.*

See *Ortega v. New York City Off-Track Betting Corp.*, 1999 WL 342353 (S.D.N.Y. May 27, 1999) (disparate treatment claim dismissed where "the complaint lacks specific factual allegations to support [the plaintiff's] pleading that she was discharged under circumstances giving rise to an inference of discrimination based on sex, race, or ethnicity."). See also *Montana v. First Fed. Sav. and Loan Ass'n of Rochester*, 869 F.2d 100, 106-07 (2d Cir. 1989) (plaintiff must demonstrate how she was treated differently than male employees); *Morrow v. Farrell*, 187 F.Supp.2d 548 (D.Md. 2002) (African-American male employee fails to allege conduct of comparable seriousness or of similar kind by non-black female).

Here, plaintiff references the Sheriff's policy regarding polygraphs.  Complaint ¶ 27.  That policy, attached hereto as Exhibit "E", p. 3, states:

> E.    You must submit to such tests, examinations, photographs or lineups as may be directed by the Office of the Sheriff. Listed below are primary tests and examinations utilized and their conditions of use:
>
> i.    Polygraph examinations when this exam is specifically directed and related to a narrowly defined issue as the result of an Internal Affairs investigation.

Plaintiff admits that Col. Burris was investigating the rumor involving Col. Rucker, and required the polygraph to determine the veracity of plaintiff's statement. Complaint, ¶ 19.   Plaintiff also admits that Col. Burris indicated she would be

terminated if she refused to take the polygraph. Complaint, ¶ 24.  Plaintiff does not identify a similarly situated employee, who refused to take a polygraph as the result of an Internal Affairs investigation, in direct contravention of the Standards of Conduct. Nor does plaintiff identify the purported "white male sergeant, accused of violating policies and procedures," specify that person's alleged transgression, or identify which policies and procedures were violated.

As in *Dean*, plaintiff's mere belief that similarly situated, white, male employees were not similarly disciplined, is not a sufficient basis to infer discrimination.  When plaintiff's conclusory allegations are appropriately disregarded, her remaining factual allegations do not support a plausible claim for relief. See *Iqbal*, 129 S.Ct. at 1950.

Moreover, plaintiff's factual allegations suggest an "obvious alternative explanation" for her termination, her refusal to follow the Standards of Conduct, which does not support her discrimination claim. *Id.,* at 1951-52.  In *Springs v. Mayer Brown, LLP*, 2009 WL 3461231 (W.D.N.C., Oct. 20, 2009), the plaintiff alleged that her employer had replaced her with a white attorney, as "a *quid pro quo* for an increase in business" from that attorney's former employer.  The Court noted that, "[t]aken as true, this factual allegation directly contradicts Plaintiff's conclusory allegations that Mayer Brown terminated her employment because of her race and instead suggests that Mayer Brown terminated her employment for reasons wholly unrelated to her race... there are no other factual allegations that show Mayer Brown acted out of a racially-motivated animus or that otherwise support her termination claims." *Id.* at *5. In the instant case, plaintiff's factual allegations, that she was ordered to and did not take a polygraph, directly undermine her conclusory allegations that she was terminated because of her gender and/or race.

Plaintiff's complaint lacks sufficient factual allegations that would "nudge" her discrimination claim "across the line from conceivable to plausible." *Iqbal*, 129 S.Ct. at 1952 (quoting *Twombly*, 550 U.S. at 570).  For these reasons, plaintiff has failed to state a claim upon which relief may be granted under Title VII or § 1981.

### F.    Plaintiff fails to State a Claim for Intentional Infliction

Even assuming, for argument's sake, that plaintiff's tort claim is not barred by the statute of limitations, she fails to state a claim upon which relief may be granted for intentional infliction of emotional distress.   In Virginia, the tort of intentional infliction of emotional distress requires proof of four elements: 1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous or intolerable; 3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and 4) the resulting emotional distress was severe. *Womack v. Eldridge,* 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974).

"[I]t is insufficient for a defendant to have acted with an intent which is tortious or even criminal." *Russo v. White,* 241 Va. 23, 27, 400 S.E.2d 160, 162 (1991) (internal quotation marks and citation omitted). Rather, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (citation omitted). "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery ...." *Womack,* 215 Va. at 342, 210 S.E.2d at 148.

Here, plaintiff's allegations amount to the following: Col. Burris required her to take a polygraph pursuant to an internal investigation, as outlined in the Standards

of Conduct; Col. Burris told her she would be fired if she refused to take the

polygraph; and she was terminated for having refused to take the polygraph.

Plaintiff's allegations hardly rise to the level required to establish intentional infliction

of emotional distress.

## III. CONCLUSION

For these reasons, defendant William Watson, Sheriff, respectfully requests that

plaintiff's claims be dismissed pursuant to Rule 12(b)(6), with prejudice.

WILLIAM WATSON, SHERIFF


By:_____/s/_____
                        Of Counsel

Jeff W. Rosen, Esquire
Virginia Bar #22689
*Counsel for William Watson, Sheriff*
Pender & Coward
222 Central Park Avenue
Virginia Beach, VA 23462
(757) 490-6253/Fax (757) 497-1914
jrosen@pendercoward.com

Lisa Ehrich, Esquire
Virginia Bar #32205
*Counsel for William Watson, Sheriff*
Pender & Coward
222 Central Park Avenue
Virginia Beach, VA 23462
(757) 490-6253/Fax (757) 497-1914
lerich@pendercoward.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May, 2010 I will email a true copy of the foregoing *Memorandum of Law in Support of Motion to Dismiss* to the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Henry L. Marsh, III, Esq.
Hill Tucker & Marsh
422 E. Franklin Street, Suite 301
Richmond, Virginia  23219-2226
*Counsel for Plaintiff*

Frederick H. Marsh, Esq.
Hill Tucker & Marsh
422 E. Franklin Street, Suite 301
Richmond, Virginia  23219-2226
*Counsel for Plaintiff*

_____/s/_____
Jeff W. Rosen
Va. Bar Number 22689
*Attorney for William Watson, Sheriff*
Pender & Coward, P.C.
222 Central Park Avenue
Virginia Beach, VA 23462
(757) 490-3000
(757) 497-1914
jrosen@pendercoward.com

P:\DOCS\06750\48456\CT1179.DOC